1
2
3
4
5
6
7 UNITED STATES DISTRICT COURT

8 SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9   E.P, a minor child, by and through his Guardian ad litem, EMMENLE PRESTON, Sr.; and MAJEL WILLIAMS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CHULA VISTA CENTER, L.P.; ROUSE PROPERTIES, LLC; KONE, INC.; and DOES1-50, inclusive, <br><br> Defendants. | Case No.: 3:18-cv-0006-CAB-(JMA) <br><br> **ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

On July 10, 2017, Plaintiffs commenced this personal injury suit against Defendants in the San Diego Superior Court. [Doc. No. 1-2 at 6-25.] On January 2, 2018, Defendants removed this action to federal court on the basis of diversity jurisdiction. [Doc. No. 1.]

On January 3, 2018, this Court ordered Defendants to show cause on or before January 10, 2018, why this matter should not be remanded for lack of subject matter jurisdiction. [Doc. No. 2.] Specifically, the Court was concerned whether there is complete diversity among the parties. Rather than respond to the order to show cause, Defendants filed a Motion to Request Additional Time to Submit Briefing Responsive to the OSC re Jurisdiction [Doc. No. 4] on January 10, 2018. But, the Court declines to grant the extension because Defendants should have ascertained the citizenship of all of the

1

members/partners prior to filing the notice of removal proffering the diversity of the parties.

By failing to respond to the Order to Show Cause Defendants have not assuaged the Court's concerns regarding jurisdiction. In order to invoke this Court's diversity jurisdiction, Defendants must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). To meet their burden to establish complete diversity, Defendants must allege the actual citizenship of all of its members/partners. *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009). Here, the vague assurances provided that all entities related to Defendants are Delaware entities with their principal places of business in New York, NY are not sufficient. Furthermore, the myriad of reasons[1] provided by Defendants for needing more time to comply with the OSC is evidence that Defendants have not determined the existence of complete diversity between the parties. Thus, although being given the opportunity to do so, Defendants have not met their burden of demonstrating there is complete diversity of citizenship.

Because Defendants fail to establish diversity jurisdiction as required by 28 U.S.C. § 1332 and 1441 removal was improper and the Court *sua sponte* **REMANDS** this action back to the San Diego Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). *See also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (the removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand); *Polo v. Innoventions Int'l., LLC,* 833 F.3d 1193, 1197 (9th Cir. 2016) (if federal jurisdiction is absent from the

---

[1] Defendants request an extension to respond to the OSC because (1) they need to contact other organizations not parties to this action; (2) one of the Defendants has undergone a corporate reorganization and relocation; (3) they are reluctant to disclose "confidential business information or proprietary data or identities of members/partners without some measure of protection;" and (4) "while Defendants understand the Court must be satisfied there is complete diversity, Defendants should not be required to disclose the entire hierarchy of their corporate formation and operations." [Doc. No. 4 at 3.]

commencement of a case, [a case] is not "properly removed" – and therefore need not "stay [] removed.") (internal quotation marks and citation omitted).  Additionally, the Court **DENIES** Defendants' motion for extension of time.  [Doc. No. 4.]

It is **SO ORDERED**.

Dated:  January 11, 2018

Hon. Cathy Ann Bencivengo
United States District Judge